IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-02-278 (5) |
| | § | |
| MARK AGUILAR, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CONCURRENT SENTENCES**

Pending before the Court is a motion filed by Defendant Mark Aguilar. (D.E. 69.) In it, Aguilar requests that this Court order that the 194-month sentence it imposed on June 16, 2003 be served concurrent with a twenty-year state sentence imposed for state offenses. According to Aguilar, the state sentence was imposed on August 8, 2003. He claims that the state court judge ordered that his state sentence should run concurrent with his federal sentence and that the state court judge agreed to release Aguilar back to federal custody.[1] Instead, however, he has been retained in state custody to serve his state sentence. He asks that this Court award him concurrent credit toward his federal sentence or that this Court designate the state facility as a place for him to serve his federal sentence.

For the reasons set forth herein, Aguilar's motion is DENIED.

---

[1] Aguilar has attached to his motion a document dated August 8, 2003, and purporting to be signed by the state court judge stating that the "Result" of the sentencing is that he is sentenced to 20 years "to run current with Each other and federal case credit time served to be release to federal prison." [sic] (D.E. 69 at p.10.) The document does not appear to the Court to be an official state court judgment and certainly does not include the affidavit of a records custodian. In any event, even if the state court judge so ordered, it does not change the Court's analysis herein.

## I. **BACKGROUND**

Aguilar was initially arrested on July 12, 2002 by state authorities on outstanding sexual assault warrants. At the time of his arrest, he was driving a vehicle and a .45 caliber pistol was found in the car. He remained in state custody until he was received on a writ for federal prosecution for possession of the gun. Aguilar proceeded to a jury trial and was found guilty of being a felon in possession of a firearm. The Court sentenced him on June 16, 2003 to 194 months in the custody of the Bureau of Prisons. (See generally PSR at ¶¶ 1-4 and p. 1; D.E. 65.)

Aguilar was subsequently returned to state custody. According to the records located by the United States Probation Office, Aguilar was later convicted after a jury trial of Attempted Escape and was sentenced on July 10, 2003 to 2 years of imprisonment. He then went to trial for Assault on a Public Servant, was convicted by a jury on August 8, 2003, and was sentenced to 20 years imprisonment. That same day, he pled guilty to 2 counts of Sexual Assault of a Child, and was sentenced to 20 years imprisonment. All of the state sentences were ordered to be served concurrently with each other.

Notably, none of Aguilar's state offenses impacted his sentencing guidelines. Additionally, two of the state offenses for which Aguilar was sentenced were committed by him during the interval between the his conviction and his sentencing in the instant federal case.

## II. ANALYSIS

**A.    Characterization of Motion**

As an initial matter, the Court must determine how to construe Aguilar's claim for relief.  To the extent Aguilar seeks to challenge the manner in which the Bureau of Prisons is computing his sentence, such a challenge is properly brought in a motion pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Because Aguilar's motion contains no allegations that the BOP is improperly calculating his sentence, the Court declines to construe his motion as a petition under 28 U.S.C. § 2241.  If Aguilar wants to challenge the BOP's computation of his sentence, he should file a § 2241 petition in the district where he is incarcerated, after exhausting his administrative remedies. See United States v. Wilson, 503 U.S. 329, 335 (1992) (the law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence).

To the extent Aguilar seeks an Order from this Court that his federal sentence in this case should run concurrent to his later-imposed state sentences, the Court addresses his claim herein.  As set forth herein, the Court determines that Aguilar is not entitled to relief.

**B.      Request for Concurrent Sentences**

Aguilar's claim that his sentence in the instant case should run concurrently with his later-imposed state sentence finds no support in the record of this case.  As an initial matter, it is important to note that, unlike some other federal appellate courts, the Fifth Circuit has held that a sentencing court has the authority to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000) (citing See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991) (per curiam), which stated that under 18 U.S.C. § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence); see also United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (noting split in the circuits and that the Second, Fifth, Tenth, and Eleventh Circuits have concluded that a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence, while the Sixth, Seventh, and Ninth Circuits have concluded that it may not).

The judgment in this case does not specify whether Aguilar's sentence is to run concurrently or consecutively to any other sentence.  Thus, it is necessary to determine whether the Court's silence in the judgment in this case means that the sentences run consecutively.  On this issue, the Fifth Circuit has held as follows:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently.  18 U.S.C. § 3584(a). ... A district court must specify in its sentencing order that sentences run

> concurrently; otherwise, they run consecutively. Accordingly, [the defendant's] state and federal sentences ran consecutively, because the district court did not order otherwise.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Although the foregoing quotation from Free seems straightforward, its application is somewhat murky in a case, like this one, in which the state sentence has not yet been imposed at the time the federal sentence is imposed. The Free Court was faced with a previously-imposed state sentence, not a future one.

The reason this distinction matters is that an earlier sentence in 18 U.S.C. § 3584(a) refers to "undischarged" sentences. The entirety of the provision reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

At least two federal appellate courts have held that the third sentence of the provision, relied on in Free, must be read as a clarification of the first sentence, which refers to an "undischarged term of imprisonment." That is, the presumption of consecutive sentences is

5

applicable only in cases where the federal sentence is being imposed and the defendant is already subject to another sentence, not in cases where a federal court is sentencing a defendant that is also subject to an anticipated state sentence. See United States v. Quintero, 157 F.3d 1038, 1040-41 (6th Cir. 1998); United States v. Clayton, 927 F.3d 491, 492-93 (9th Cir. 1991); see also McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998) ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.")

Although the Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a *subsequent* state sentence was imposed, the combined force of Hernandez, Brown and Free suggests that the presumption applies. Moreover, two unpublished Fifth Circuit decisions have so held. See, e.g., Waters v. United States, 2009 WL 1424016, *1 (5th Cir. May 21, 2009) (lower court correctly relied on 18 U.S.C. § 3584(1) and Free to determine that the federal sentencing court's silence on whether defendant's federal sentence should run consecutive or concurrent to an anticipated state sentence indicated that the terms were to run consecutively) (unpublished); Aldridge v. Wendt, 149 Fed. Appx. 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (unpublished).[2] Numerous lower courts within the Fifth Circuit

---

[2] The factual background of the case is set forth in the magistrate judge's recommendation, Aldridge v. Wendt, 2004 WL 1217934 (N.D. Tex. June 3, 2004), which was adopted by the district court, Aldridge v. Wendt, 2004 WL 1368275 (N.D. Tex. June 16, 2004).

have also applied the rule in <u>Free</u> to hold that the failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence. <u>See, e.g.</u>, <u>United States v. Kellogg</u>, 2006 WL 1312479, *2 (W.D. La. May 11, 2006); <u>Lisby v. Joslin</u>, 2005 WL 3148607, *2 (N.D. Tex. Nov. 22, 2005).

In the absence of any published authority from the Fifth Circuit directing the Court on this issue, the Court concludes that <u>Waters</u>, <u>Aldridge</u> and the lower court decisions cited above are persuasive and consistent with Fifth Circuit authority. Thus, the silence of the judgment in the instant case implicates the rule in <u>Free</u>. Aguilar's federal sentence was ordered to run consecutively to his state sentence, not concurrently.

Having determined that the judgment orders that Aguilar's sentence be served consecutive to any future state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). <u>United States v. Bridges</u>, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines'

policy statements.  See 18 U.S.C. § 3582(c).

Aguilar fails to assert grounds for modification that fall into any of the above categories.  Therefore, the Court does not have authority to alter his sentence and his motion (D.E. 69), to the extent it seeks a change in his criminal sentence and judgment, is DENIED.

### III. CONCLUSION

For the foregoing reasons, Aguilar's motion (D.E. 69) is construed as a motion to reduce his sentence and is DENIED.

It is so ORDERED this 1st day of September, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE